Roger F. Friedman (State Bar No. 186070)
rfriedman@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:    714-546-9035

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendants
REALTY INCOME CORPORATION and
FESTIVAL FUN PARKS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L., a minor by and through his guardian ad litem LISA ALVAREZ; LISA ALVAREZ,<br><br>            Plaintiffs,<br><br>      v.<br><br>REALTY INCOME CORPORATION, a Maryland Corporation; FESTIVAL FUN PARKS, LLC, dba Palace Entertainment; and Does 1-10,<br><br>            Defendants. | Case No. 5:15-cv-00569-PSG-JPR<br><br>**STIPULATED PROTECTIVE ORDER; ORDER THEREON**<br><br>Initial Complaint Filed: March 25, 2015<br>Amended Complaint Filed: May 19, 2015<br>Trial Date: None Set |

## STIPULATED PROTECTIVE ORDER

Plaintiffs J.L, a minor by and through his guardian ad litem Lisa Alvarez, and Lisa Alvarez (collectively, "Plaintiffs"), and defendants Realty Income Corporation and Festival Fun Parks, LLC (collectively, "Defendants") hereby submit, by and through their respective counsel of record, the following Stipulated Protective Order; [Proposed] Order Thereon ("Protective Order") to govern the disclosure of Confidential Information (defined below) in this action (Plaintiffs and Defendants are herein collectively referred to as the "Parties"):

1.     The purpose of this Protective Order is to allow the Parties to have reasonable access to information from each other while protecting information

which is proprietary or confidential from disclosure to any potential competitors and the public.  The Parties agree that expeditious discovery will be facilitated by the entry of an order setting forth procedures governing the discovery.  Accordingly, the Parties stipulate to, and petition the Court to enter, this proposed Protective Order.

2. The Parties have agreed that a protective order preserving the confidentiality of designated documents and information should be entered by the United States District Court for the Central District of California for the purposes of avoiding or minimizing discovery disputes as to matters which a party deems confidential and requiring additional protection.

3. Nothing in this Protective Order itself shall constitute an acknowledgment by a party, other than the designating Party, that any document or information designated confidential is in fact legally protected proprietary information, confidential business information, trade secret information, and/or proprietary information with respect to any of the materials covered by this Protective Order.  Neither the fact of the requested designation nor the failure of any remaining party to object to the designation shall be interpreted or may be cited as creating any presumption or proof of the document or information as legally protected, confidential, a trade secret, or otherwise privileged in any way.  Nothing in this Protective Order shall obligate the Parties to produce any documents pursuant to this Protective Order or otherwise.

4. This Protective Order shall govern the production, use, and maintenance of confidential and proprietary information produced in discovery in this action, including testimony given at any deposition or informal question and answer session with counsel present, interrogatory answers, admissions and other responses to written discovery, documents, and other discovery materials produced by the Parties, and designated as Confidential Information pursuant to the procedures described herein and other materials derived therefrom.

5. As used in this Protective Order the word:

      a.    "person" shall include Plaintiffs, Defendants, and their respective attorneys.

      b.    "Discovering Party" and "Receiving Party" shall mean respectively the party seeking discovery and/or receiving discovery responses, information, or documents.

      c.    "Producing Party" or "Designating Party" shall mean the party responding to discovery, and/or producing information or documents in response to the Discovering Party's discovery demands or requests.

      d.    "Confidential Information" means information that is designated as "CONFIDENTIAL" in accordance with the terms of this Protective Order, and includes any type of information, documents, or material which the Producing Party reasonably and justifiably believes to constitute or contain confidential information, proprietary business information, unpublished financial data, or other sensitive information of a personal or privileged nature generally recognized as confidential or private.

6.    Whenever a Producing Party or other person provides to the Parties material which contains or discloses Confidential Information, that Producing Party or other person shall mark *each page* containing Confidential Information with a legend substantially as follows: "CONFIDENTIAL."  In lieu of marking the original documents, the Producing Party or other person may mark the copies that are produced.  All documents so designated shall be labeled or stamped prior to the transmission of a physical copy thereof to the Receiving Party.  In the case of Confidential Information in a non-paper medium (e.g., video tape, audio tape, computer disc, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.

7.    A Producing Party or other person may designate as Confidential Information any material provided to the Parties that meets the definition of "Confidential Information" set forth in Paragraph 5(d) of this Protective Order.

8. Confidential Information shall not be publicly disclosed to any other person or entity other than the Parties, unless in accordance with the terms of this Stipulated Protective Order.  Confidential Information may be used only in connection with the prosecution or defense of the above-captioned action, including, without limitation, trial, appeal, and any retrials, and not for any other business or other purpose whatsoever, unless obtained through summons, subpoena, or document demand in another proceeding in a court of competent jurisdiction wherein no protective order or other order protects the Confidential Information from disclosure or use.  Except as described herein or by order of this Court, all Confidential Information shall be kept by the Parties in a confidential manner, and shall not be given, shown, disclosed, disseminated, or described, directly or indirectly, to any person(s) other than those qualified persons set forth in Paragraph 10 and its subparagraphs of this Protective Order.

9. This Protective Order does not govern the admissibility of evidence at deposition, trial, or on appeal, and does not restrict a party's ability to introduce as evidence at deposition, trial, or on appeal any material that has been designated by any party or nonparty as Confidential Information.

10. For purposes of the preparation, trial, and any appeal of this action, and subject to this Protective Order, the Receiving Party may disclose Confidential Information and the contents of Confidential Information marked as "CONFIDENTIAL" only to the following qualified persons:

   a. Each lawyer for a party in this case, including outside and in-house lawyers, including an co-counsel, and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks;

   b. Each party, and any current or former partner, director, officer, employee, or agent of a party who is requested by that party or any of its

attorneys to work on this action;

      c.    Experts designated or consulted by the Parties ("<u>Receiving Expert</u>") concerning the preparation, trial, and appeal including any retrials of this action, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary that materials be disclosed for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

      d.    Mediators, arbitrators, or similar outside third parties and their staffs enlisted by all Parties to assist in the resolution of this matter;

      e.    Outside commercial copying services;

      f.    Deposition reporters and videographers;

      g.    Any other person whom the Court deems necessary to be privy to Confidential Information, with the party seeking disclosure of such information having the burden of proving by a preponderance of evidence that such disclosure is reasonably necessary, provided that prior to disclosure of any "Confidential Information" to any such person, each such person has completed and signed a Confidentiality Statement in the form attached as Exhibit "A" to this Protective Order;

      h.    Court reporters and their staff, the Court, and any person employed by the Court whose duties require access to Confidential Information; and

      i.    Any representatives of an insurer providing a defense or indemnity for the claims which are the subject of this action.

11.    The persons identified in Paragraph 10 and its subparagraphs above shall not disclose Confidential Information or discuss the content thereof with anyone other than the foregoing persons without the prior written consent of counsel for the party or nonparty who designated such Confidential Information. If counsel determines that disclosure of Confidential Information to another third party is

necessary or appropriate, or if counsel objects to a party's designation of Confidential Information as "CONFIDENTIAL," he may raise a challenge in full compliance with Local Rule 37. If the Designating Party does not bring a Motion in compliance with Local Rule 37 within ten (21) calendar days after service of a Request to Disclose or Challenge to Designation, then the identified Confidential Information may be disclosed to the person or persons identified and the person or persons to whom disclosure occurs shall be entitled to review the Confidential Information; provided, however, the person or persons shall be subject to and governed by Paragraph 15 of this Protective Order.

12. All depositions taken by any of the Parties at which any Confidential Information is to be used or is inquired into shall be conducted only in the presence of the deposition witness and his or her counsel, and other persons described in Paragraph 10 and its subparagraphs of this Protective Order.

13. Counsel for any deponent or party may designate deposition testimony or exhibits as Confidential Information by so indicating on the record at the deposition. Failure of counsel to designate testimony or exhibits as "Confidential Information" at depositions, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits, provided that within twenty-one (21) calendar days following the completion and delivery of the deposition transcript to such counsel, counsel shall designate in writing specific portions of the deposition testimony, transcript, or exhibits as Confidential Information. Counsel shall specifically include in such designation any portion of the deposition testimony or exhibits that were designated as Confidential Information on the record at the deposition. During this twenty-one (21) calendar day period, the deposition testimony, transcript, and exhibits will be treated as Confidential Information.

14. When material disclosed during a deposition is designated as Confidential Information at the time testimony is given, the reporter shall mark the face of the transcript with "PORTIONS OF THIS TRANSCRIPT ARE

DESIGNATED AS CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER."

15. Each person (other than those persons identified in Paragraphs 10a, 10b, 10d, 10e, 10f, 10h, and 10i) to whom any Confidential Information is disclosed, prior to such disclosure, shall (1) be given a copy of this Protective Order by counsel for the party disclosing such Confidential Information and (2) be bound by the terms of this Protective Order if they (3) certify by signing a Confidentiality Statement in the form attached as Exhibit "A" to this Protective Order, confirming he or she has carefully read this Protective Order, fully understands its terms, and will abide by its terms. Counsel for the party disclosing such Confidential Information shall be responsible for maintaining the Confidentiality Statements.

16. Nothing in this Protective Order shall restrict a party to this litigation from sharing with other persons (including without limitation the Parties' employees, counsel, in-house counsel, witnesses and retained and un-retained experts and consultants) documents or information not obtained through discovery in this action.

17. If any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the Parties shall try first to resolve such disputes in good faith between themselves. If the dispute cannot be resolved, the party objecting to the designation of any information as Confidential Information may seek appropriate relief from the Court under Local Rule 37, and the party designating information as Confidential Information shall have the burden of proving by a preponderance of the evidence that such designation was proper. Pending resolution of any motion filed pursuant to this paragraph, all Parties and other persons bound by this Order shall continue to treat the disputed material as Confidential Information until the issue is resolved by the Court.

18. If any Confidential Information is disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then

the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order, and the disclosing party shall promptly inform such person of all the provisions of this Protective Order and secure from such person a Confidentiality Statement, which counsel for the disclosing party shall similarly maintain. If such person refuses to sign a Confidentiality Statement and abide by the terms of this Protective Order, then the disclosing party shall, absent further application to and order of Court, disclose to the Designating Party the name, address, and telephone number of the person and further identify to the Designating Party what Confidential Information was disclosed to that person.

19. This Protective Order is without prejudice to any rights to object to the production of documents or information on any basis, to apply to the Court for a further protective order, to object to any discovery request, or to apply to the Court for an order compelling further discovery responses or production of documents, or for an order that certain documents and information produced by the another party shall not be deemed Confidential Information.

20. A Receiving Party that intends to file with the Court any information that the Designating Party has designated as Confidential Information shall follow the procedures below:

    a. The party shall give notice of such intent to the Designating Party that so designated the Confidential Information, at least ten (10) calendar days prior to the filing of the Confidential Information or the earliest practicable notice, if required as part of an expedited filing or in opposition or reply papers connected with a motion. Such notice shall include specific identification of the Confidential Information to be filed with the Court.

    b. The Designating Party may then file a motion to seal pursuant to Local Rule 79-5; absent doing so before the notice of filing date will mean that the filing of the Confidential Information may be publicly filed.

    c. If such motion to seal is filed, while it is pending, the party filing

the Confidential Information shall conditionally lodge the Confidential Information with the Court;

    d.    If the court determines that the Confidential Information does not warrant an Order to be sealed, then the Confidential Information which were conditionally lodged shall be filed in the public records of the Court.

21.    If the Designating Party that produced the Confidential Information was served with notice in compliance with Paragraph 20a and fails to file a motion or an application to seal the record within ten (10) calendar days or to obtain a court order extending the time to file such a motion or an application, then the Confidential Information which were conditionally lodged shall be filed in the public records of the Court.

22.    Insofar as this Protective Order restricts the communication and use of Confidential Information, this Protective Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

23.    If any party or person having possession, custody, or control of any Confidential Information receives a subpoena or other process or order to produce Confidential Information, then he, she, or it will promptly:

    a.    Notify in writing the attorneys of record of the party claiming confidentiality of the Confidential Information sought by the subpoena or other process or order;

    b.    Furnish those attorneys with a copy of the subpoena or other process or order; and

    c.    Provide reasonable cooperation with respect to a procedure to protect the Confidential Information.  If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, then there will be no disclosure, process, or order until the Court has ruled on the motion unless the Court

so orders, and then only in accordance with the Court's ruling. If no motion is made despite a reasonable opportunity to do so, then the person or party receiving the subpoena or other process or order will be entitled to comply with it, if the person or party has fulfilled its obligations under the Protective Order. This Order does not entitle any person or party to disobey a lawfully issued subpoena or other process.

24. The taking of, or the failure to take, any action to enforce the provisions of this Protective Order, or the failure to object to any designation of Confidential Information as "CONFIDENTIAL" or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Protective Order, nor will it be construed to be admissible or offered before any court, agency, or tribunal in this action or any other action, as evidence for any claim or defense that any information is or is not relevant, material, or otherwise discoverable; is or is not confidential or proprietary to any party; or is or is not entitled to particular protection.

25. The Parties may amend this Protective Order in writing and may seek to have the amendments entered by the Court as part of this Protective Order.

26. This Protective Order, upon entry as such by the Court, shall bind the Parties represented by the undersigned counsel, the Parties' agents, officers, directors, employees, and representatives.

27. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this action.

28. This Protective Order may be executed in counterparts and by facsimile, portable document format, and e-mail, each of which shall be deemed an original, and all of which together shall constitute one single original Protective Order.

29. Additional parties may be added to this Protective Order as and when appropriate by further stipulation by or among the Parties and the Court's approval.

**IT IS SO STIPULATED.**

|   |   |
|---|---|
| Dated: December 4, 2015 | CENTER FOR DISABILITY ACCESS |
|   | By: /s/ Isabel Rose Masanque |
|   | Isabel Rose Masanque<br>Attorneys for Plaintiffs J.L, a minor by and through his guardian ad litem Lisa Alvarez and Lisa Alvarez |
| Dated: December 4, 2015 | RUTAN & TUCKER, LLP |
|   | By: /s/ Proud Usahacharoenporn |
|   | Proud Usahacharoenporn<br>Attorneys for Defendants Realty Income Corporation and Festival Fun Parks, LLC |

# ORDER

The Court having reviewed the Stipulated Protective Order among plaintiffs J.L, a minor by and through his guardian ad litem Lisa Alvarez and Lisa Alvarez, and defendants Realty Income Corporation and Festival Fun Parks, LLC, and finding good cause for the approval and entry of such Stipulated Protective Order in light of the confidential and sensitive nature of information likely to be disclosed during the course of discovery and litigation in this action,

NOW, THEREFORE, IT IS HEREBY ORDERED that the terms of the Parties' Stipulated Protective Order set forth above become the Order of this Court and shall be imposed in this action.

**IT IS SO ORDERED.**

Dated:  December 15, 2015         _____
                                  Hon. Jean P. Rosenbluth
                                  Judge of the United States District Court

# EXHIBIT A
# CONFIDENTIALITY STATEMENT

I, _____, declare as follows:

1. My present address is: _____.

2. My present occupation or job description is: _____.

3. My present employer is: _____.

4. I have received a copy of the Stipulated Protective Order among plaintiffs J.L, a minor by and through his guardian ad litem Lisa Alvarez and Lisa Alvarez, and defendants Realty Income Corporation and Festival Fun Parks, LLC ("Protective Order") entered in the case of *Alvarez v. Realty Income Corp. et al.*, Case No. 5:15-cv-00569-PSG-JPR, pending in the United States District Court for the Central District of California. I have carefully read and understand the provisions of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for the purposes of this action, any Confidential Information that I receive.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of this Protective Order.

Executed this ____ day of _____, 20___ in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
SIGNATURE OF DECLARANT

_____
PRINTED NAME OF DECLARANT

Rutan & Tucker, LLP
attorneys at law

2530/031445-0008
8979166.1 a12/04/15

-1-

Case No. 5:15-cv-00569-PSG-JPR
STIPULATED PROTECTIVE ORDER AND
[PROPOSED] ORDER THEREON